IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>PRESTON C. BULLOCK,<br>Defendant. | Case No. 18–CR–40039–JPG |

## ORDER

Before the Court is Defendant Preston C. Bullock's Motion for Judicial Recommendation on Residential Re-Entry Center Placement. (ECF No. 43). Bullock is serving a 60-month term of imprisonment after pleading guilty to distribution of methamphetamine. (Judgment 2, ECF No. 37). He now asks the Court to make a formal recommendation to the Bureau of Prisons ("BOP") that he be allowed to serve the last 12 months of his term in a residential reentry center, also called a *halfway house*. (Def.'s Mot. at 1). He states that such placement would help him "to secure a job, obtain a license if need be, find permanent housing, and re-establish family ties, among other things." (*Id.* at 2).

Once a criminal defendant is sentenced, the BOP—not the sentencing court—"designate[s] the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). That said, the BOP will still consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." *Id.* A recommendation by the sentencing court, however, has "no binding effect." *Id.*

A judicial recommendation is inappropriate in this case. True enough, moving Bullock to a halfway house may further his rehabilitation. But the other factors that the Court considered at his sentencing still support his continued incarceration. *See id.* § 3553(a). While selling cocaine,

hydrocodone, and methamphetamine to a confidential source working for law enforcement, Bullock boasted that he had been selling "cocaine for ten years, which he purchased in kilogram quantities for $10,000." (Presentence Investigation Report 4, ECF No. 26). What's more, before Bullock pleaded guilty to this serious drug offense, the Court revoked his bond when he tested positive for methamphetamine just five days after completing residential substance-abuse treatment. (*Id.* at 3). This all occurred despite <u>fifteen</u> prior convictions, including a 2002 conviction for attempting to elude a police officer in a high-speed chase and a 2016 conviction for battery when he struck his girlfriend "in the head and leg." (*Id.* at 6–10). In short, the Court will not recommend the BOP to release Bullock to a halfway house before he completes his term of imprisonment: Incarceration remains necessary to reflect the seriousness of the offense, to promote respect for the law, to ensure the safety of the community, and to deter Bullock and others from committing further crimes.

**IT IS SO ORDERED.**

**Dated: Thursday, December 3, 2020**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**